UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| MANY MIGUEL DE LUNA VASQUEZ, *individually and on behalf of others similarly situated,* | COMPLAINT |
| *Plaintiff,* | COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) |
| -against- | CASE NO: |
| 2945 MEAT & PRODUCE (d/b/a Super Foodtown of Throggsneck), and JOSEPH BIVONA, | |
| *Defendants.* | |

-----------------------------------------------------X

## COMPLAINT

Many Miguel De Luna Vasquez ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Nolan Klein, P.A., upon his knowledge and belief, and as against Defendants, 2945 Meat & Produce (d/b/a Super Foodtown of Throggsneck), ("Defendant Corporation"), and Joseph Bivona (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants.

2. Defendant, Joseph Bivona owns, operates, and/or controls that certain grocery store located at 2945 Bruckner Blvd., Bronx, New York 10461, doing business as Super Foodtown of Throggsneck (hereinafter "Super Foodtown").

3. Plaintiff was employed in the meat department of the Super Foodtown.

4. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

5. Defendants failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

6.      Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he worked over 10 hours.

7.      Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including employees working in all departments of the Defendant business.

8.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

*Plaintiff Many Miguel De Luna Vasquez*

13. Plaintiff is over the age of 18 years, *sui juris*, and a resident of this district.

14. Plaintiff was employed by Defendants from approximately July 13, 2017 until on or about November 10, 2017.

*Defendant Corporation*

15. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a grocery store located at 2945 Bruckner Blvd., Bronx, New York 10461.

16. Upon information and belief, 2945 Meat & Produce (d/b/a Super Foodtown of Throggsneck), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 2945 Bruckner Blvd., Bronx, New York 10461.

17. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

18. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

*Defendant Joseph Bivona*

19. Defendant Joseph Bivona is an individual engaging (or who was engaged) in business in this District during the relevant time period.

20. Defendant Bivona is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

21. Upon information and belief, Defendant Bivona possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation.

22. Defendant Bivona had control over the wages and compensation of the employees of Defendants, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

23. Defendants operate a grocery store in the Bronx section of New York, known as Super Foodtown.

24. Upon information and belief, individual Defendant Joseph Bivona, possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation.

25. Defendant Bivona possesses or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26. Defendant Bivona employed Plaintiff, and all similarly situated individuals, and is their (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

28.     In 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Super Foodtown, such as beverages and food, were produced outside the State of New York.

*Plaintiff Many Miguel De Luna Vasquez*

30.     Plaintiff is a former employee of Defendants and was employed to work in the meat department of Super Foodtown.

31.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

32.     Plaintiff was employed by Defendants from approximately July 13, 2017 until on or about November 10, 2017.

33.     Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34.     Plaintiff's work duties required neither discretion nor independent judgment.

35.     Plaintiff regularly worked in excess of 40 hours per week.

36.     Plaintiff did not clock in or out of his shifts.

37. From approximately July 13, 2017 until on or about November 10, 2017, Plaintiff worked at Super Foodtown from approximately 7:00 a.m. until 6:00 p.m. Friday through Wednesday. (66 hours per week).

38. At times, Plaintiff would work 7 days a week, from approximately 7:00 a.m. until 6:00 p.m. (77 hours per week).

39. Throughout his employment with Defendants, Plaintiff was paid his wages in cash.

40. From approximately July 13, 2017 until on or about November 10, 2017, Plaintiff was paid $700.00 per week.

41. Defendants never granted Plaintiff a meal break or rest period of any kind.

42. Plaintiff was forced to eat his meal while working.

43. Defendants never provided Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

44. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

45. Defendants never provided any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46. Upon information and belief Defendant employs more than 11 employees.

47. Pursuant to New York State Minimum Wage Laws, large employers, who employ 11 or more employees, are required to pay a general minimum wage rate of $11.00 per hour.

48. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week

6

without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

49. Defendants' pay practices resulted in Plaintiff and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

50. Plaintiff and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

51. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

52. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Defendants failed to maintain a system which recorded and stored the time employees started and ended their shifts.

54. Defendants paid Plaintiff all of his wages in cash.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff, at all relevant times, properly for (1) minimum wage due, (2) for overtime due, and (3) for spread of hours pay.

56. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

60. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

61. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

68. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

69. Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70. Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

72. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

73. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

74. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

75. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

76. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

77. Defendants failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

78. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

79. Plaintiff was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

80. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

81. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

82. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

83. Plaintiff was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

84. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

85. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

86.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

87.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

88.     Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

89.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

  d)  Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  e)  Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

  f)  Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

  g)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

  h)  Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

  i)  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

  j)  Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

  k)  Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  l)  Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
December 7, 2017

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
39 Broadway, Suite 2250
New York, NY 10006
PH:   (646) 560-3230
FAX:  (877) 253-1691

By: /s/ Nolan Klein
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
robin@nklegal.com
VALERIE K. FERRIER, ESQUIRE
(VF 0209)
ferrier@nklegal.com

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, _Many Miguel De Luna V._, am an employee currently or formerly employed by _Super FoodTown of Throggneck_, and/or related entities.

I consented to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_12/06_, 2017

_____
Signature