UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MANY MIGUEL DE LUNA VASQUEZ,
*individually and on behalf of others similarly situated,*

        Plaintiffs,

v.

2945 MEAT & PRODUCE (d/b/a Super Foodtown of Throggsneck), and JOSEPH BIVONA,

        Defendants.
------------------------------------------------------------x

CASE NO.: 1:17-cv-09627-RWL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/19

## FINAL ORDER CERTIFYING CLASS, APPROVING CLASS ACTION SETTLEMENT, APPROVING AWARD OF ATTORNEY'S FEES, ADMINISTRATION COSTS, AND SERVICE AWARD

Plaintiff, Many Miguel De Luna Vasquez ("Plaintiff") filed this lawsuit against Defendants, 2945 Meat & Produce and Joseph Bivona ("Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA"), and the New York Labor Law ("NYLL"). The case was brought as an FLSA collective action under 29 U.S.C. § 216(b) and a putative class action as to the NYLL claims under Fed. R. Civ. P. 23. The parties have consented to conduct all further proceedings before the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff filed unopposed motions seeking an order certifying the settlement class, approving the class action settlement, awarding attorney's fees to Plaintiff's counsel, approving a service award to Plaintiff, and approving fees payable to the settlement administrator.[1] As set forth herein, following a fairness hearing held on July 17, 2019, those motions are granted, as follows:

---

[1] *See* Unopposed Motion for Final Certification of Settlement Class and Approval of Class Action Settlement [D.E. 42] and Unopposed Motion for Approval of Attorney's Fees, Administrative Fees, and Service Award [D.E. 43].

I.  **BACKGROUND**

On December 7, 2017, Plaintiff filed this action against Defendants, asserting FLSA and NYLL claims for unpaid overtime, and other NYLL statutory damages, on behalf of himself and all those similarly-situated. Defendants are a grocery store and its owner; Plaintiff worked for Defendants from on or around July 13, 2017, until on or about November 10, 2017. Plaintiff filed his Amended Complaint on June 5, 2018, asserting an FLSA collective action under 29 U.S.C. §216(b) and a class action, as to his NYLL claims, under Fed. R. Civ. P. 23. *D.E. 29*.

Counsel for the parties engaged in extensive negotiations, including a settlement conference before this Court, resulting in the executed Settlement Agreement. *See Declaration of Nolan Klein, at D.E. 41-1*. The Settlement Agreement created a fund of $235,794.08, which will cover awards to Class Members, a service award to Plaintiff, Plaintiff's attorney's fees and costs, and administration costs. *Id*. Each Class Member will receive a point for every week worked during the relevant time period; each Class Member's point value will be divided by the aggregate number of points accrued by the Class as a whole, to determine each specific Class Member's percentage of the net settlement amount, which will then be multiplied by the net settlement amount to determine his or her specific amount payable.[2] *Id*. The Class has been defined to include Defendants' current and former hourly employees from December 7, 2011, through March 30, 2019, who may be owed overtime for hours worked over forty in any given workweek. *See Order Granting Motion for Preliminary Approval of Settlement, Certification of Settlement Class, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure, D.E. 41*.

---

[2] The net settlement amount is comprised of the total settlement fund ($235,974.08), minus amounts payable as Class Counsel's attorney's fees and costs ($78,598.02), or $157,376.06.

2

On March 20, 2019, this Court preliminarily certified the settlement class. *D.E. 41*. On April 11, 2019, Arden Claims Services, LLC ("Arden") mailed class members notice in the form approved by this Court, notifying them that the deadline to submit a claim form, opt-out of, or object to the settlement in this case was June 10, 2019. *See Affidavit of Angela Ferrante, D.E. 42-1*. The notice advised class members of the calculation formula to determine payments, of their right to participate in the Settlement, to opt-out of the Settlement, or to object to the Settlement, and the implications of each such action. *Id.* The notice advised class members of applicable deadlines and other events including the date and location of the Fairness Hearing, and how class members could obtain additional information. *Id.* Reasonable efforts were made to locate new addresses and re-send any notices that were returned as undeliverable. *Id.* Through the deadline, Arden received three (3) requests for exclusion from the settlement class (opt-outs), and no objections. *Id.* Arden has performed all necessary calculations and stands ready to deliver checks to class members who have opted-in upon this Court's final approval. *Id.*

On June 5, 2019, Plaintiff filed his Unopposed Motion for Final Certification of Settlement Class and Approval of Class Action Settlement, and his Unopposed Motion for Approval of Attorney's Fees, Administrative Fees, and Service Award. *D.E. 42, 43*. This Court held a Fairness Hearing on July 17, 2019. No class member objected to the class action settlement.

## II.    ANALYSIS

### a. Final certification of the Rule 23 settlement class

The Class in this case satisfies all requirements of Rule 23(a). It consists of 295 members. *See Affidavit of Angela Ferrante, at D.E. 42-1*. This is sufficiently large to justify class treatment. *Fed. R. Civ. P. 23(a)(1)*. Further, all Class Members claim a failure to pay overtime for hours

worked over forty in a week. *Amended Complaint, D.E. 29*. These claims are factual similar, and all arises out of the NYLL; thus, there are "questions of law or fact common to the class." *Fed. R. Civ. P. 23(a)(2)*. Moreover, Plaintiff's claims are "typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), because they are sufficiently similar to those NYLL claims made by other class members. Fourth, there is no reason to believe that Plaintiff has any interest that is at odds with any Class Member or that he would not fairly and adequately protect the interests of the class. *Fed R. Civ. P. 23(a)(4)*.

The class further satisfies Rule 23(b)(3). Common questions predominate. Claims of the various Class Members share legal theories under the NYLL. They all allege a failure to pay time and a half for hours worked over forty. This commonality is sufficient to justify their treatment as a class. A class action is also the superior method for adjudicating this conflict. There is no evidence that Class Members have ever brought any individual suits on these same claims, or that any of them have any interest in bringing an individual claim. The class settlement in this case conserves resources and vindicates the rights of class members for whom individual suits might not be economically worthwhile or viable.

The Rule 23 class defined within this Court's Order granting preliminary certification [D.E. 41] is hereby certified.

### b. Adequacy of notice to the class

In the Order preliminarily approving the class action settlement, this Court approved the notice to the settlement class, and the claim form. *D.E. 41*. The Court found that the notice was a reasonable means of providing notice and shall constitute due and sufficient notice of the settlement to all persons entitled to participate, in accordance with Rule 23. *D.E. 41*. The Court appointed an administrator, Arden, which mailed the notice and claim form to all 295 class

members, and took reasonable and adequate steps to deliver notices and claim forms to class members whose current addresses were unknown. *D.E. 42-1*. The Court re-affirms its prior finding that the notice and claim forms in this case were fair and adequate to inform class members of this class settlement. The Court further concludes that the process by which the notices and claim form were delivered complied with all requirements, including constitutionally required due process.

### c. **Approval of settlement agreement**

Fed. R. Civ. P. 23(e) requires class action settlements be approved by the court. To approve a settlement, a Court must find that it is "fair, adequate, and reasonable, and not a product of collusion." *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987). The Court considers both procedural and substantive fairness. *Fed. R. Civ. P. 23(e)*. There is a presumption of procedural fairness where settlement is "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). This Court previously found that the settlement in this case was reached after arm's length negotiation between the parties [D.E. 41]; moreover, there was a settlement conference conducted before this Court. Accordingly, there is a presumption of procedural fairness that applies.

As to substantive fairness, courts consider a variety of factors, known as the "Grinnell factors." *See, e.g., Charron v. Weiner*, 731 F.3d 241, 247 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1941 (2014).[3] Here, most if not all of those factors weigh in favor of approval. There are hundreds

---

[3] The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.

of class members in this case, asserting fact intensive and complex claims, the litigation of which would be expensive and protracted. Only three out of almost three hundred, or about one percent, of class members have opted out of the settlement. Defendants provided substantial documentation in discovery, including lists of employees and federal tax returns. There are real risks associated with establishing both liability and damages; liability is unsettled, and controverted. Absent this settlement, Defendants take the position that all employees were properly paid. It would take significant resources to take this case through trial, and it is unclear whether the corporate defendant has the resources to withstand a judgment any larger than this settlement, or, alternatively, whether the individual defendant would be deemed an employer for purposes of this case at all. The amount earmarked for the settlement fund by Defendants is large, significant, and allows for a recovery by every prior employee within the limitations period, including those who would never have made any claim (a significant consideration in light of the fact that no employee other than Plaintiff has ever made any claim at all). Based on these factors, and the attendant costs and risks of continued litigation, the Court finds that the amount provided for by the Settlement Agreement falls within the range of reasonableness. The settlement is substantively fair.

Accordingly, the Settlement Agreement is approved.

### d. Approval of the FLSA settlement

The parties also seek court approval of the settlement agreement insofar as it settles the plaintiffs' FLSA claims. Evaluation of an FLSA settlement is less rigorous than evaluation of a class action settlement "[b]ecause, under the FLSA, parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." *Beckman vs. Keybank, N.A.*, 293 F.R.D. 467 at 476 (citation and internal quotation marks omitted). Moreover, courts

---

1974) (internal citations omitted), abrogated on other grounds by Goldberger v. Integrates Res., Inc., 209 F.3d 43 (2d Cir. 2000).

typically consider "the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citation omitted). Here, in light of this Courts approval of the class action settlement, it is unnecessary to undertake a separate analysis of the FLSA claims. The settlement of those claims is approved. Any member of the class that did not return a claim form in this case is not bound to the settlement of FLSA claims in this case.

### e. Approval of the service award

Service awards or incentive awards are common in class actions. Here, Plaintiff has spent a year and a half participating in this case. He provided critical information necessary to pursue this claim for a broader class of individuals, and participated in the litigation, including in a settlement conference before the Court. Absent Plaintiff's initiative, participation, and willingness to pursue a claim for hundreds of other people (rather than to narrowly pursue his own interests alone), none of the members of the class (none of whom has ever filed a claim) would be receiving any recovery at all. Moreover, the amount sought by Plaintiff as a service award, $15,000, is within the normal range for awards to named plaintiffs who secure a fund for the benefit of others in an amount similar to the settlement fund in this case. *See, e.g., Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005) (approving award of approximately 8.4% of the settlement fund for named plaintiff in wage and hour case); *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 U.S. Dist. LEXIS 12762 (S.D.N.Y. 2010)(finding that service awards totaling 11% of the total recovery are reasonable); *Willix v. Healthfirst, Inc.*, 2011 U.S. Dist. LEXIS 21102 (E.D.N.Y. 2011)(approving service awards of $30,000, $15,000, and $7,500 in wage and hour action under FLSA and NYLL).

Accordingly, Plaintiff is hereby awarded $15,000 as a service award in this case.

### f. Approval of attorney's fees and costs

"The Supreme Court has held that, in the case of a common fund, the fee award should be determined on a percentage-of-recovery basis. The Supreme Court stated, 'Under the 'common fund doctrine,' ... a reasonable fee is based on a percentage of the fund bestowed on the class.'" *Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) *citing Blum v. Stenson*, 465 U.S. 886, 900 n.16, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984); *see also, e.g.*, *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (following the "trend" and adopting the percentage-of-the-fund method); *Westerfield v. Washington Mut. Bank*, 2009 U.S. Dist. LEXIS 94544 (E.D.N.Y. 2009) (same); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277 (S.D.N.Y. 2009) (same); *Mohney v. Shelly's Prime Steak*, 2009 U.S. Dist. LEXIS 27899 (same); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003)(collecting cases adopting the percentage-of-the-fund method); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998)(same). The preferred method for an award of attorney's fees in common fund cases like this one, within the Second Circuit, is to use the percentage of the fund method. *Id.*; *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 262 (S.D.N.Y. 2003).

In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award. *See e.g., Prasker v. Asia Five Eight LLC*, 2010 WL 476009 (S.D.N.Y. Jan2010) (citation omitted). The trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases. *See, e.g., Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 339 (S.D.N.Y. 2012) *citing Matheson v. T-Bone Rest., LLC*, 2011 U.S. Dist. LEXIS 143773 (S.D.N.Y. 2011) *citing McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir.

8

2010)("[t]he trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases like this one").

In determining whether a fee is reasonable, including a fee based on a percentage of the settlement fund, the courts are further guided by the so-called "Goldberger factors;" specifically: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2nd Cir. 2000). The *Goldberger* factors weigh in favor of granting approval to Class Counsel's agreed fee application in this case. Class Counsel expended significant time and effort (nearly a year and a half) to achieve a real result for the class in this case. Class and collective wage and hour cases of this type are, by their very nature, complicated and time-consuming. Class Counsel undertook to prosecute this action without any assurance of payment for services, and on a wholly contingent basis, in the face of real risk. Class Counsel is experienced in federal and class action litigation, and provided competent and appropriate representation to Plaintiff and the class. Finally, a fee totaling approximately 33% of the Settlement Fund in this case is wholly reasonable and "consistent with the norms of class litigation in this circuit." *Willix*, 2011 U.S. Dist. LEXIS 21102 2011.

Class Counsel's request for attorney's fees in the amount of $78,598.02 is approved.

### g. Administration fee

The $15,000 administration fee to be paid to Arden is approved. The amount is in the same range as awards in other cases for similar work. *See, e.g., Viafara v. MCIZ Corp.*, 2014 U.S. Dist. LEXIS 60695 (S.D.N.Y. 2014).

### III. CONCLUSION

For the foregoing reasons, plaintiff's *Unopposed Motion for Final Certification of Settlement Class and Approval of Class Action Settlement* [D.E. 42] and *Unopposed Motion for Approval of Attorney's Fees, Administrative Fees, and Service Award* [D.E. 43] are granted, and it is hereby

ORDERED and ADJUDGED as follows:

1. The Court hereby grants final certification to the settlement classes, defined as:
   a. Under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked for Defendants at any time between December 7, 2011 and March 20, 2019, who may have been owed unpaid overtime wages for all hours worked over forty and statutory damages (the "New York Class"); and
   b. Under 29 U.S.C. §216(b) all individuals who worked for Defendants at any time from December 7, 2015 and March 20, 2019, and who may be owed overtime wages for all hours worked over forty and statutory damages (the "Federal Class").
2. Every member of the New York Class who has not opted out of the class action settlement is bound by the settlement of the New York Labor Law claims in this case, including the release provisions within the Settlement Agreement [D.E. 40-1] that relate to those claims.
3. All members of the Federal Class that returned a claim form is bound by the settlement of the FLSA claims in this case, including the release provisions within the Settlement Agreement [D.E. 40-1] that relate to those claims. Members of the Federal Class who have not returned claim forms have not release their FLSA claims.

4. Defendants shall pay the remainder of the settlement finds to Arden in the manner and time proscribed by the Settlement Agreement [D.E. 41-1].

5. Arden shall make payment to Class Counsel of its attorney's fees in the amount of 78,598.02 in the manner and time proscribed by the Settlement Agreement [D.E. 41-1]. Class Counsel shall provide Arden with payment instructions.

6. Arden shall make payment to Plaintiff of an incentive fee in the amount of $15,000.00 in the manner and time proscribed by the Settlement Agreement [D.E. 41-1]. Class Counsel shall provide Arden with payment instructions.

7. Arden shall distribute checks to each member of the New York Class and the Federal Class who returned a claim form in this case, in the manner and time proscribed by the Settlement Agreement [D.E. 41-1].

8. Arden shall make payment to itself in the amount of $15,000.00 for its administrative services in this case, in the manner and time proscribed by the Settlement Agreement [D.E. 41-1].

9. The balance of the funds held by Arden after the payments pursuant to this Order shall be returned to the Defendants.

10. All notices to Class Counsel shall hereafter be sent to Law Offices of Nolan Klein, 5550 Glades Rd., Ste. 500, Boca Raton, FL 33431.

SO ORDERED:

_____  7/17/19
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE